IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MAURICIO JOSE BEDOLLA CAMACHO,<br><br>   Petitioner,<br><br>v.<br><br>MARK GARMAN, et al.,<br><br>   Respondents. | CIVIL ACTION<br>NO. 19-3454 |

**OPINION**

**Slomsky, J.**                                                                                          **March 23, 2021**

**I.     INTRODUCTION**

Before the Court is a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") (Doc. No. 1) filed by Petitioner Mauricio Jose Bedolla Camacho, a state prisoner incarcerated at State Correctional Institution Rockview ("SCI Rockview") in Bellefonte, Pennsylvania. (See Doc. No. 16 at 1.) On May 29, 2020, United States Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and that a certificate of appealability not be issued. (See id. at 15.) On July 27, 2020, Petitioner filed Objections to the R&R ("Objections") (Doc. No. 19), and on July 29, 2020 he filed Amended Objections ("Amended Objections") (Doc. No. 21). For the reasons discussed infra, the Court will approve and adopt the R&R (Doc. No. 16), will deny the Petition (Doc. No. 1), and will not issue a certificate of appealability.[1]

---

[1] For purposes of this Opinion, the Court has considered Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), his Memorandum of Law and Fact in Support of the Petition (Doc. No. 9), Respondents' Answer to the Petition (Doc. No. 11), Respondents' Supplemental Answer (Doc. No. 15), the Report and Recommendation (Doc. No. 16), Petitioner's Objections to the Report and Recommendation (Doc. No. 19), his Amended Objections (Doc. No. 21), and the pertinent state court record.

1

**II.   BACKGROUND**

The procedural history of Petitioner's case is summarized by the Pennsylvania Superior Court as follows:

> On April 27, 2008, [Petitioner] strangled his ex-girlfriend, Daicy Vazques-Bedolla, to death. On May 1, 2009, [Petitioner] confessed to the crime. On July 12, 2011, [Petitioner] was found guilty of first-degree murder and possessing an instrument of crime. On September 22, 2011, he was sentenced to life imprisonment without parole together with a concurrent term of one to 60 months' incarceration. This [c]ourt affirmed in part and vacated in part the judgment of sentence and [the Pennsylvania] Supreme Court denied allowance of appeal. Commonwealth v. Bedolla Camacho, 60 A.3d 864 (Pa. Super. 2012) (unpublished memorandum), appeal denied, 72 A.3d 600 (Pa. 2013). After resentencing, [Petitioner] once again appealed, and [the Pennsylvania Superior] Court affirmed the judgment of sentence. Commonwealth v. Bedolla Camacho, 87 A.3d 894 (Pa. Super. 2013) (unpublished memorandum).
>
> On January 27, 2014, [Petitioner] filed a pro se PCRA petition.[2] Counsel was appointed but filed a petition to withdraw with an accompanying letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Comonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). . . .[3] On February 9, 2015, the PCRA court dismissed [Petitioner's] PCRA petition and granted counsel's petition to withdraw. A timely appeal followed in which [the Pennsylvania Superior] Court vacated the PCRA court's dismissal order and remanded the matter after finding that PCRA counsel's Turner/Finley letter was inadequate. . . .
>
> On remand, newly appointed PCRA counsel filed a Turner/Finley letter and a petition to withdraw . . . . Thereafter, the court dismissed the petition and granted counsel leave to withdraw on August 6, 2018.

---

[2] In her Report and Recommendation, Magistrate Judge Caracappa noted that "Petitioner filed a petition for collateral review under Pennsylvania Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq." (Doc. No. 16 at 2 n.1.)

[3] Under Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), a court may grant appointed counsel's leave to withdraw in a post-conviction proceeding "upon the submission of a 'no-merit' letter that details the nature and extent of counsel's review of the case, lists each issue the petitioner wished to have reviewed and explains counsel's assessment that the case lacks merit." (Doc. No. 16 at 2 n.2.) "The court must also conduct an independent review of the record and must agree with counsel that the petition is meritless before dismissing the petition." (Id.)

2

Commonwealth v. Bedolla Camacho, No. 2653 EDA 2018, 2019 WL 2354951, at *1 (Pa. Super. Ct. June 4, 2019) (citing Commonwealth v. Bedolla Camacho, 627 EDA 2015 (Pa. Super. Ct. March 11, 2016) (unpublished memorandum) (certain footnotes omitted)).  On June 4, 2019, the Superior Court affirmed the dismissal of Petitioner's PCRA petition.  See id.

On July 31, 2019, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") in the Eastern District of Pennsylvania, which raised the following arguments as summarized in the R&R:

1. Trial counsel was ineffective for failing to object to the court's defective jury instruction concerning the distinguishing element between first[-] and third[-]degree homicide.

2. Trial counsel failed to object to the trial court's answer to the juror's question for clarification on differences between intent to kill, willful, deliberate, and premeditation.

3. Trial counsel failed to object when [the] trial court erroneously permitted the jury to have the written charges of the offense during deliberations without giving them the charges of [P]etitioner's defenses (the Heat of Passion defense).

4. State court violated Due Process when it ruled that expert testimony was inadmissible at the suppression hearing and trial which would have supported that [P]etitioner's confession was coerced by police.

(Doc. No. 16 at 2-3) (quotation marks omitted).  On October 4, 2019, Respondents filed a Response to the Petition (Doc. No. 11).

On May 29, 2020, Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed.  (See Doc. No. 16 at 15.)  On July 27, 2020, Petitioner filed Objections to the R&R (the "Objections") (Doc. No. 19), and on July 29, 2020, he filed Amended Objections (the "Amended Objections") (Doc. No. 21), both of which are now before the Court for review.

3

**III.   STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's Report and Recommendation.  § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation.  Under the rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

4

IV.  **ANALYSIS**

As noted, Petitioner raised four claims for relief in his Petition:

1. Trial counsel was ineffective for failing to object to the court's defective jury instruction concerning the distinguishing element between first[-] and third[-]degree homicide [("Claim One");]

2. Trial counsel failed to object to the trial court's answer to the juror's question for clarification on differences between intent to kill, willful, deliberate, and premeditation [("Claim Two");]

3. Trial counsel failed to object when [the] trial court erroneously permitted the jury to have the written charges of the offense during deliberations without giving them the charges of [P]etitioner's defenses (the Heat of Passion defense) [("Claim Three");]

4. State court violated Due Process when it ruled that expert testimony was inadmissible at the suppression hearing and trial which would have supported that [P]etitioner's confession was coerced by police [("Claim Four")].

(Doc. No. 16 at 2) (quotation marks omitted).  Magistrate Judge Caracappa recommended the Petition be denied, finding that none of the Claims provided grounds for habeas relief because each Claim is procedurally defaulted or lacks merit.[4]  (See id. at 8, 10, 12.)

In his Objections and Amended Objections, Petitioner objects to the Magistrate Judge's resolution of Claims One through Three but does not object to the resolution of Claim Four, the alleged Due Process violation.  (See Doc. Nos. 19 at 2; 21 at 2.)  His objections to the first three Claims merely reassert the same arguments made in his Petition.  (See Doc. Nos. 1 at 6, 8, 9, 11; 19 at 2; 21 at 2.)  Moreover, in his Amended Objections, Petitioner presents another objection to Judge Caracappa's April 20, 2020 Order that required Respondents to "address [P]etitioner's argument in [Claim] Three that it was error for counsel not to object when the court provided jurors with a written copy of the elements of his offenses without also providing them with a written copy

---

[4]  Specifically, Judge Caracappa found that Claims One, Two, and Four were procedurally defaulted, and that Claim Three lacked merit.  (See Doc. No. 16 at 8, 10, 12.)

of his heat of passion defense." (Doc. No. 13) (emphasis omitted). He contends that it was improper for the "the Magistrate Court[] [to order] . . . [Respondents] to . . . raise a waive[d] claim that . . . Rule 646 did not apply to [P]etitioner's case . . . ." (Doc. No. 21 at 3.) His objection to Judge Caracappa's April 20, 2020 Order lacks merit.

Objections which "merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (citing Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)) (collecting cases). Because Petitioner's Objections and Amended Objections restate the same arguments he made in his Petition, which Magistrate Judge Caracappa has already considered, they are not entitled to de novo review. Moreover, "new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge." Adkins v. Wetzel, No. 13-3652, 2014 WL 4088482, at *3 (E.D. Pa. Aug. 18, 2014) (citing U.S. Dist. Ct. Rules E.D. Pa., Civ. Rule 72.IIV(c)). Accordingly, Petitioner's objections to Judge Caracappa's April 20, 2020 Order fails because it was not presented to the Magistrate Judge and it is substantively deficient. Despite the defects in Petitioner's Objections and Amended Objections, in the interest of judicial economy, the Court will address each Objection and Amended Objection in turn.

### A. Petitioner's First and Second Objections Are Procedurally Defaulted Because He Did Not Raise Either Claim in the State Court

Petitioner's Objections to the Magistrate Judge's resolution of Claims One and Two in the R&R fail because they are procedurally defaulted. He did not raise either Claim in state court. In Petitioner's Objection to the resolution of Claim One, he argues trial counsel "failed to . . . object to the trial court's harmful jury instruction that . . . failed to explain to the jury that the lack of specific intent to kill is the key element that is not found in third[-]degree murder . . . ."

6

(Doc. No. 19 at 9) (emphasis and quotation marks omitted). In his Objection to the resolution of Claim Two, Petitioner argues that trial counsel failed to object to the trial court's "fail[ure] to explain to the jury that there are specific legal definitions for" the elements of willfulness, deliberation, and premeditation. (Id. at 14.)

In the R&R, the Magistrate Judge concluded that Claims One and Two were procedurally defaulted because "[P]etitioner failed to raise either of these [C]laims at the state court level." (Doc. No. 16 at 10.) "As a result of [P]etitioner's failure to raise these [C]laims at the state court level, the [C]laims are . . . procedurally defaulted and cannot be addressed . . . on federal habeas review." (Id.) Additionally, "[P]etitioner has failed to demonstrate cause to excuse his procedural default." (Id.) This Court agrees.

Claims for relief in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 can only be granted if the petitioner "has exhausted the remedies available in the courts of the State[.]" § 2254(b)(1)(A). A petitioner properly exhausts state court remedies by giving state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This ensures that federal courts do not "overturn[] a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. (citations omitted). Further, as the R&R explained:

> A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74. (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). . . . A claim is not fairly presented if the state court "must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim." Baldwin v. Reese, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004). . . . "If [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claim procedurally

7

> barred . . . there is procedural default for the purpose of federal habeas . . . ." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).
>
> A federal court cannot review the merits of procedurally defaulted claims unless a petitioner demonstrates cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). To demonstrate cause for a procedural default, a petitioner must show "some objective factor external to the defense impeded efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show errors during his trial created more than a possibility of prejudice; he must show the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

(Doc. No. 16 at 7.)

Here, Petitioner alleges ineffective assistance of counsel for failure to object to the trial court's: (1) jury instructions on specific intent; and (2) explanation of the definitions of willfulness, deliberation, and premeditation.[5] To overcome this procedural default, Petitioner must show cause for the default or that he will suffer a fundamental miscarriage of justice should the Court fail to consider Claims One or Two. But Petitioner has not shown cause for the default in his Petition, Objections, or Amended Objections because he has not shown that some objective, external factor impeded his ability to present either Claim at the state court level. See Murray, 477 U.S. at 488. Further, the fundamental miscarriage of justice exception does not apply here because Petitioner has not shown trial counsel's failures to object "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494. Therefore, Petitioner has not shown cause for the default or that the fundamental miscarriage of justice exception applies

---

[5] In his Habeas Petition, Petitioner also objected to the trial court's definition of intent to kill. (See Doc. No. 1 at 9.) But he did not include an objection to this definition in his Objections to the Report and Recommendation. (See Doc. No. 19 at 14.)

8

for this Court to consider his procedurally defaulted Claims.  For these reasons, his Objections to the R&R's resolution of Claims One and Two are overruled.

### B. Petitioner's Third and Final Objections Regarding Claim Three Fails

In the Amended Objections, Petitioner presents two objections to the resolution of Claim Three in the R&R.  (See Doc. No. 21.)  First, he contends that trial counsel failed to object to "the court['s] omi[ssion] [of] [P]etitioner's written defense and did not make [the jury] aware that heat of passion was included in the written offenses[,] effectively discharg[ing] the jurors of their duties of considering the defense."  (Id. at 2.)  Second, he claims that Judge Caracappa's April 20, 2020 Order improperly allowed Respondents "to . . . raise a waive[d] claim that . . . Rule 646 did not apply to [P]etitioner's case . . . ."  (Id. at 3.)  These Objections fail.

#### 1. Petitioner's Third Objection Lacks Merit Because the State Court Instructed the Jury on Petitioner's Heat of Passion Defense

Petitioner's Third Objection to the Magistrate Judge's resolution of Claim Three lacks merit because the trial court instructed the jury on Petitioner's heat of passion defense, the defense Petitioner refers to in this Claim.  (See Doc. No. 16 at 11.)  In his Amended Objections, he contends that trial counsel failed to object to "the court['s] omi[ssion] [of] [P]etitioner's written defense and did not make [the jury] aware that heat of passion was included in the written offenses[,] effectively discharg[ing] the jurors of their duties of considering the defense."  (Doc. No. 21 at 2.)

In the R&R, the Magistrate Judge found that Claim Three lacked merit because "upon thorough review of the record, . . . the portion of written jury instructions provided by the trial judge to the jury did include the heat of passion defense in the section on Voluntary

9

Manslaughter."[6] (Doc. No. 16 at 11.) Judge Caracappa also noted that Petitioner's assertions "that trial counsel failed to preserve this issue for direct appeal . . . [and] failed to raise this issue on

---

[6] Magistrate Judge Caracappa set forth the relevant portion of the trial court's jury instructions:

> 15.2503A (Crim) VOLUNTARY MANSLAUGHTER
>
> 1. As my earlier definition of malice indicates, there can be no malice when certain reducing circumstances are present. When these circumstances are present, a killing may be voluntary manslaughter, but never murder. This is true when a defendant kills in heat of passion following serious provocation.
>
> 2. Accordingly, you can find malice and murder only if you are satisfied beyond a reasonable doubt that the defendant was not acting under a sudden and intense passion resulting from serious provocation [sic] by Daicy Vasquez-Bedolla.
>
> 3. A defendant acts under an "intense passion" if he or she acts under an emotion such as anger, rage, sudden resentment, or terror that is so strong that it renders him or her incapable of cool reflection. A defendant acts under a "sudden" passion if the time between the provocation and the killing is not long enough for the passion of a reasonable person to cool. A defendant's passion results from "serious provocation" if it results from conduct or events that are sufficient to excite an intense passion in a reasonable person. Thus, the existence of "intense passion" turns on the actual mental and emotional state of the defendant, while the existence of "sudden passion" and "serious provocation" turn on how a reasonable person confronted by the same provocation would react. Remember, you can find malice and murder only if you are satisfied beyond a reasonable doubt that the defendant was not acting under a sudden and intense passion resulting from serious provocation by Daicy Vasquez-Bedolla.
>
> 4. The law recognizes that the cumulative impact of a series of related events can lead to sudden passion and amount of serious provocation. The test is whether a reasonable person, confronted with the same series of events, would become so impassioned that he or she would be incapable of cool reflection.
>
> 5. If you do not find the defendant had malice and committed murder, you may find him guilty of voluntary manslaughter as long as you are satisfied that the following three elements have been proven beyond a reasonable doubt:
>    First, that Daicy Vasquez-Bedolla is dead;
>    Second, that the defendant killed her; and
>    Third, that the defendant had the intent to kill.

(Doc. No. 16 at 11 n.3) (alteration in original) (quoting Doc. No. 15 at 6-7.)

PCRA review" lacked merit because "the assertions . . . are explicitly contradicted in the record . . . ." (Id. at 11-12.)

Under Pennsylvania Rule of Criminal Procedure 646, a trial judge can provide jury members with "written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses and any defense upon which the jury has been instructed" for use during deliberations. Pa. R. Crim. P. 646. Rule 646 also states that "once the judge permits the use of the written elements, the elements of all of the offenses, lesser included offenses, and defenses upon which the jury was charged must be provided to the jury in writing." Id.

Here, Petitioner alleges ineffective assistance of counsel for failure to object to the trial court's alleged omission of a written heat of passion instruction. (See Doc. No. 21 at 2-3.) However, as Judge Caraccapa noted in the R&R, the state court record shows that Petitioner's assertion is incorrect. (See Doc. No. 16 at 11-12.) "[A]fter oral jury instructions, the trial court provided the jury with a written copy of the portions of the jury instruction defining murder in the first degree, third degree, and voluntary manslaughter." (Id. at 10) (quotation marks and citation omitted). The provided jury instructions included a heat of passion defense under the voluntary manslaughter section. (See id. at 11.) Because the trial court provided the jury with written jury instructions that included Petitioner's heat of passion defense, Petitioner's Third Objection under Claim Three is wrong and lacks merit. Thus, Petitioner's Third Objection is overruled.

### 2. Petitioner's Final Objection Fails Because it Was Not Presented to the Magistrate Judge and Substantively Fails

Petitioner's final Objection to the Magistrate Judge's April 20, 2020 Order fails because he did not present it to the Magistrate Judge and it also substantively fails. In Petitioner's Amended Objections to the resolution of Claim Three in the R&R, he takes issue with Judge Caracappa's April 20, 2020 Order that required Respondents to provide an additional response addressing

Claim Three.  (See Doc. No. 21 at 3.)  He contends that it was improper for the "the Magistrate Court[] [to order] . . . [Respondents] to . . . raise a waive[d] claim that . . . Rule 646 did not apply to [P]etitioner's case . . . ."  (Id.)

In the April 20, 2020 Order, Judge Caracappa ordered Respondents to substantively respond to Petitioner's arguments in Claim Three.  (See Doc. No. 13.)  Judge Caracappa stated that Respondents must "address [P]etitioner's argument in [Claim] Three that is was error for counsel not to object when the court provided jurors with a written copy of the elements of his offenses without also providing them with a written copy of his heat of passion defense."  (Id.) (emphasis omitted).

When reviewing objections to a Magistrate Judge's Report and Recommendation, a district court can only consider allegations presented to the Magistrate Judge.  See Adkins 2014 WL 4088482, at *3.  The law is clear that "new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."  Id. (citing U.S. Dist. Ct. Rules E.D. Pa., Civ. Rule 72.IIV(c)).

Here, Petitioner's Objection to the April 20, 2020 Order fails because it was not raised before Judge Caracappa and it also substantively fails.  Primarily, Judge Caracappa issued the April 20, 2020 Order over one month before issuing the R&R.  (See Doc. No. 13.)  This provided ample time for Petitioner to present his new objection to Judge Caracappa before the issuance of the R&R, thereby divesting this Court from considering the objection.

Alternatively, Petitioner's Objection substantively fails.  He states that the Order permits Respondents to "raise a waive[d] claim that . . . Rule 646 did not apply to [P]etitioner's case," but this is inaccurate.  (Doc. No. 21 at 3.)  The April 20, 2020 Order required Respondents to substantively respond to Claim Three, not to raise a new claim.  (See Doc. No. 13.)  Contrary to

Petitioner's assertion, by only requiring Respondents to respond to Claim Three, the Order did not require that Respondents present any waived claim or defense. (See id.) Petitioner also fails to cite any legal basis for his objection here. For these reasons, Petitioner's final Objection is overruled.

## V.     CONCLUSION

For the foregoing reasons, the Court will approve and adopt Magistrate Judge Caracappa's Report and Recommendation (Doc. No. 16) and will deny Petitioner Bedolla Camacho's § 2254 Petition for a Writ of Habeas Corpus (Doc. No. 1). No certificate of appealability shall issue. An appropriate Order follows.